IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:19-cv-03650-RM

AZAEL BARRIENTOS REGALADO,

    Petitioner,

v.

WILLIAM BARR, Attorney General, U.S. Department of Justice,
MATTHEW T. ALBENCE, Acting Director for Immigration and Customs Enforcement,
CHAD WOLF, Secretary, U.S. Department of Homeland Security,
JEFFREY LYNCH, Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement, and
JOHNNY CHOATE, Warden of the Aurora ICE Processing Center, in their individual and official capacities,

    Respondents.

___

## ORDER
___

This matter is before the Court on Petitioner's Motion for Temporary Restraining Order, Preliminary Injunction, and Order to Show Cause (ECF No. 10). For the reasons below, the Court denies the injunctive relief requested but orders Respondents to show cause why Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) should not be granted.

## I.     LEGAL STANDARD

To obtain a temporary restraining order or injunctive relief in any other form, a party must establish "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the

preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quotation omitted). Because a preliminary injunction is an extraordinary remedy, the party's right to relief must be clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

Further, because the fundamental purpose of preliminary injunctive relief is to preserve the relative positions of the parties until a trial on the merits can be held, this circuit has identified three types of injunctions that are specifically disfavored: "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits." *Id.* at 1258-59 (quotation omitted). To get a disfavored injunction, the moving party faces and even heavier burden of showing that the first and third factors above tilt in his favor. *Free the Nipple—Fort Collins v. City of Fort Collins*, 916 F.3d 792, 797 (10th Cir. 2019).

## II. BACKGROUND

Petitioner, a citizen of Mexico, is currently in the custody of Immigration and Customs Enforcement ("ICE"). His request for a bond was denied after a hearing before an immigration judge on July 26, 2019.

Petitioner filed his habeas petition on December 23, 2019. He contends that his continued detention without bond is unconstitutional because the immigration judge failed to allocate to the government the burden of proving "by clear and convincing evidence that he is a danger to others or a flight risk, and that even if he is, no combination of conditions will reasonably assure his future appearance and the safety of the community," and that the

immigration judge failed to consider "his ability to pay any bond amount and whether alternative forms of supervised release are sufficient." (ECF No. 1 at ¶ 29.) Petitioner further contends that his continued detention violates the Immigration and Nationality Act and the Administrative Procedure Act. He requests the following forms of relief: (1) an order compelling Respondents to provide a "constitutional" bond hearing within seven days or to release him, (2) a declaration that the government bears the burden to justify his continued detention, and (3) an order directing Respondents not to transfer him out of the jurisdiction while these proceedings are pending.

Petitioner filed the current motion on January 6, 2020. He requests that this Court order his release from detention, require a bond hearing in which the government would be held to the burden of proof stated above, or issue an order to show cause, within three days, why the writ of habeas corpus should not issue.

## III. DISCUSSION

The Court denies Petitioner's motion as to injunctive relief for three reasons.

First, Petitioner seeks an injunction that would alter the status quo, be mandatory, and afford him essentially all the relief he requests in his habeas petition. Thus, it qualifies as each type of disfavored injunction identified above and is subject to heightened scrutiny. The Court does not believe this heightened standard has been met.

Second, Petitioner cites no binding authority showing he is entitled to relief. Indeed, with respect to some of the conditions which the motion seeks to have the Court impose (e.g., release conditions and consideration of financial status), no authority is presented. Even if Petitioner could establish a likelihood of success on the merits such that he would be entitled to injunctive

relief in an ordinary case, the Court finds he has not sufficiently shown a likelihood of success that satisfies the heightened requirements for disfavored injunctions.

Third, granting Petitioner's motion would bypass the usual and preferred process for resolving a habeas petition on the merits. The Court is disinclined to grant the relief requested when it has not yet heard from Respondents on the contested issues raised in Petitioner's habeas petition.

## IV.   CONCLUSION

Accordingly, the Court DENIES Petitioner's motion for injunctive relief (ECF No. 10) and instead ORDERS Respondents to SHOW CAUSE within fourteen days why Plaintiff's habeas petition should not be granted.

DATED this 10th day of January, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge